IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES E. BOSTIC ) | |
| ) | |
| v.    ) | NO. 3:18-0562 |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, et al.    ) | |

TO: Honorable William L. Campbell, Jr., District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 23, 2018 (Docket Entry No. 10), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

In this lawsuit, James Bostic ("Plaintiff"), a prisoner of the Tennessee Department of Correction ("TDOC"), alleges that his Eighth Amendment right to adequate medical care has been violated by prison officials. Upon initial review, colorable claims under 42 U.S.C. § 1983 were permitted to go forward against four defendants. *See* Memorandum entered July 23, 2018 (Docket Entry No. 9), and Order entered September 10, 2018 (Docket Entry No. 20). The case is still in the preliminary stage.

Plaintiff has recently filed a motion requesting injunctive relief in the form of some type of order requiring prison officials to properly award him jail credits that were ordered by a state court judge and that would reduce his sentence and possibly lead to his release. *See* Motion (Docket Entry No. 36).

Plaintiff's motion for injunctive relief in this case has no merit and should be denied. Any attempt by Plaintiff to obtain his release from confinement through an attack on his criminal conviction or on the duration of his sentence must be pursued through federal or state appellate, habeas, or other collateral proceedings. Plaintiff cannot, in this Section 1983 action, obtain relief that is related to the fact or duration of his current confinement. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Accordingly, for these reasons, the undersigned respectfully RECOMMENDS that Plaintiff's motion for preliminary injunctive relief (Docket Entry No. 36) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any responseto the objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge