IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES E. BOSTIC | ) | |
| | ) | |
| v. | ) | NO. 3:18-0562 |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, et al. | ) | |

**TO: Honorable William L. Campbell, Jr., District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 23, 2018 (Docket Entry No. 10), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment or, in the alternative, motion to dismiss (Docket Entry No. 57) filed by Defendants Katherine Campbell, Casey Dillon, and Austin Rich. Plaintiff has responded in opposition to the motion. *See* Docket Entry Nos. 62 and 65. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

James Bostic ("Plaintiff") is a former prisoner of the Tennessee Department of Correction ("TDOC"). He filed this lawsuit *pro se* and *in forma pauperis* on June 20, 2018, seeking relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were being violated by prison officials. *See* Complaint (Docket Entry No. 1). Although Plaintiff appears to have been released

from confinement,[1] he was within the custody of the TDOC and was confined at the Bledsoe Creek Correctional Complex ("BCCX") in Pikeville, Tennessee at the time he filed the lawsuit. In his complaint and in three post-complaint letters that were construed as amendments to his complaint, *see* Docket Entry Nos. 5, 6, and 8, Plaintiff named several defendants and made multiple allegations of wrongdoing at the BCCX, including the denial of medical care, retaliation, the denial of sentence credits, and the denial of placement in work release programs and specific housing units.

Upon initial frivolity review of the case under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted colorable claims that his Eighth Amendment right to constitutionally adequate medical care had been violated. *See* Memorandum entered July 23, 2018 (Docket Entry No. 9), and Order entered September 10, 2018 (Docket Entry No. 20).[2] Specifically, the Court found that process should issue to three defendants - Dr. Dillon, Nurse f/n/u Darrius, and Nurse f/n/u Auston - based on Plaintiff's allegations that he had not been properly treated for chronic obstructive pulmonary disease ("COPD"), lung disease, asthma, hypertension, epilepsy, nerve pain in his feet, and an unspecified eye problem. *See* Memorandum at 18-21. All other claims and defendants were dismissed. *See* Order at 3. Plaintiff's subsequent request to amend his complaint was granted to the extent that he identified an additional defendant - BCCX Medical Administrator Kathy Campbell - on his Eighth Amendment medical care claims but was denied in all other respects. *See* Order entered September 10, 2018 (Docket Entry No. 20).

---

[1] The docket reflects that Plaintiff called the Clerk's Office on or about October 18, 2019, and changed his mailing address to a non-institutional residential address in Jackson, Tennessee.

[2] As an initial matter, the Court first found that some of Plaintiff's allegations regarding the denial of medical care were sufficient to implicate the imminent danger exception to the "three strike" filing restrictions imposed by 28 U.S.C. § 1915(g) and to permit Plaintiff to seek *in forma pauperis* status. *See* Memorandum at 1-7.

Process was eventually served upon Defendants Katherine Campbell ("Campbell"), Austin Rich ("Rich"),[3] and Casey Dillon ("Dillon") (hereinafter referred to collectively as "Defendants), who filed a joint answer.[4] *See* Docket Entry No. 56. Process for Nurse f/n/u Darius was returned unexecuted with a notion that there was no one with that name employed at the BCCX. *See* Docket Entry No. 50.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure, raising three arguments. First, they contend that Plaintiff did not pursue the prison grievance process about his claims prior to filing his lawsuit, and thus he has failed to exhaust his available administrative remedies, as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See* Memorandum (Docket Entry No. 58) at 5-7. Second, they argue that Plaintiff does not allege sufficient facts against Defendants to state a constitutional claim that they were deliberately indifferent to his serious medical needs. *Id*. at 7-9. Finally, they contend that Plaintiff's claims actually sound in healthcare liability under state law but that he has not complied with the requirements of the Tennessee Health Care Liability Act, and thus his claims should be dismissed. *Id*. at 9-12. Defendants support their motion with the Affidavit of TDOC Correctional Program

---

[3] Austin Rich contends that he was incorrectly identified in the complaint as "Nurse Auston." *See* Docket Entry No. 52 at 1.

[4] Defendants initially filed a motion to dismiss in lieu of an answer. *See* Docket Entry No. 51. After determining that the motion raised a defense that relied upon matters outside the pleadings, the Court denied the motion without prejudice. *See* Order entered July 11, 2019 (Docket Entry No. 53).

Manager and grievance records custodian Benjamin Bean and documents attached thereto (Docket Entry No. 57-1) and with a statement of undisputed material facts (Docket Entry No. 59).

In unsworn responses to Defendants' motion, Plaintiff clarifies that the only claim he is pursuing is a claim is for an approximate seven month delay that he alleges occurred before he was given a sleep study for his COPD after a doctor had ordered in December 2017 that he be tested for this condition. *See* Response (Docket Entry No. 62) at 1-3 and Second Response (Docket Entry No. 65) at 3. He contends that Defendant Campbell is responsible for this delay, as well as TDOC, *see* Response at 1-3, but states that the other defendants should be dismissed from the case. *Id*. at 4. Plaintiff argues that this claim should be set for a jury trial because the claim involves a serious medical need and the Court has already determined that his allegations qualify him for the "imminent danger" exception under 28 U.S.C. § 1915(g) and raise a colorable constitutional claim. *See* Second Response at 1-4. With respect to Defendants' PLRA grievance defense, Plaintiff argues that he was not required to pursue a prison grievance because the issue involved the denial of medical care for a serious life threatening condition that put him in imminent danger. *Id*. at 2. Plaintiff does not respond to Defendants' argument about the lack of merit of any state law claim and also does not respond to Defendants' statement of undisputed material facts.[5]

In a reply, Defendants contend that Plaintiff's assertion of a delay in treatment fails to support his constitutional claim because Plaintiff fails to allege that he suffered a serious physical injury as a result of the alleged failure to provide him with medical care. *See* Reply (Docket Entry No. 3).

---

[5] In addition to his responses to Defendants' motion, Plaintiff has filed: (1) a motion for appointment of counsel (Docket Entry No. 64); (2) a motion to compel Defendants to respond to his request for production of documents (Docket Entry No. 67); and, (3) a second motion to compel Defendants to respond to his request for production of documents (Docket Entry No. 69). By a contemporaneously entered order, the Court has denied these motions.

## III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. CONCLUSIONS

A. Dismissal of Defendants Dillon, Rich and Nurse f/n/u Darius

In his response, Plaintiff requests to dismiss his claims against these three Defendants. Although not stated as such, Plaintiff's request is essentially a request for voluntary dismissal under

Rule 41(a) of the Federal Rules of Civil Procedure. There being no apparent reason not to dismiss these Defendants as requested by Plaintiff, his request should be granted in accordance with Rule 41(a)(2) and these Defendants should be dismissed from this action with prejudice.[6]

B. Abandonment of Claims by Plaintiff

In his response to Defendants' motion, Plaintiff specifically asserts that his case is limited to a single claim against Defendant Campbell based on the allegation that Campbell violated Plaintiff's Eighth Amendment rights by delaying the implementation of a COPD sleep study for seven months after a doctor had ordered that Plaintiff receive a sleep study. *See* Response at 1-3 and Second Response at 3. Accordingly, all other claims and all other theories of an Eighth Amendment violation raised by Plaintiff in his pleadings are deemed to be abandoned by him and are no longer a part of this case.[7]

C. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner bringing a lawsuit under 42 U.S.C. § 1983 with respect to prison conditions must exhaust all available administrative remedies before filing the lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round"

---

[6] Defendant Nurse f/n/u Darius has not yet been served with process and, thus, is also subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.

[7] Plaintiff's assertion that he seeks to pursue only a narrow Eighth Amendment claim against Defendant Campbell renders it unnecessary to address Defendants' argument that Plaintiff's complaint raises state law claims for medical malpractice which should be dismissed. Even if state law claims could be gleaned from the complaint, Plaintiff has expressly abandoned any such claims.

6

or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Satisfying the exhaustion requirement is mandatory. *Ross v. Blake*, __U.S.__, 136 S. Ct. 1850, 1856 (2016). Completing the grievance process while a lawsuit is pending does not satisfy the PLRA's exhaustion requirement. *See Fraley v. Ohio Dep't of Corr.*, 2018 WL 2979902 at *2 (6th Cir. Mar. 22, 2018); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendants have set forth evidence that (1) a three level procedure exists for TDOC inmates that allows inmates to file grievances for issues relating to their conditions of confinement and (2) Plaintiff failed to pursue a grievance about the seven month delay in testing for his COPD. *See* Affidavit of Bean at ¶ 3; Statement of Undisputed Facts at ¶¶ 4 and 11-15; TDOC Inmate Grievance Procedures Policy § 501.01.[8] Although Defendants acknowledge that Plaintiff filed a grievance on August 28, 2019, against Campbell for a delay in his receipt of a breathing machine, *see* Memorandum at 3, this grievance (1) was filed subsequent to the motion to amend adding Campbell

---

[8] Although Defendants quote from TDOC Policy § 501.01 in their supporting memorandum, *see* Docket Entry No. 58 at 6, they do not attach the policy to the affidavit of Bean and request that the Court take judicial notice of the policy. *Id*. at 6, n.2. While Defendants' request that the Court take judicial notice will not be rejected in this case given the Court's familiarity with the policy at issue, it is a much better practice for counsel to make such a policy a part of the record as an attachment to an affidavit.

as a defendant and (2) did not grieve the issue of the seven month delay in Plaintiff being initially tested for his COPD. In the face of Defendants' affirmative evidence of noncompliance with the exhaustion requirement, Plaintiff must present "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*.

It is undisputed based on the record before the Court that Plaintiff did not complete the grievance process prior to filing his lawsuit. Indeed, in his Second Response, he admits to not filing a prison grievance about the alleged delay in receiving testing or treatment for his COPD. *See* Docket Entry No. 65 at 2.[9] Plaintiff's only rebuttal to Defendants' failure to exhaust defense is his argument that he was not required to pursue a prison grievance because the issue involved the denial of medical care for a serious life threatening condition that put him in imminent danger. *Id*. Plaintiff's argument does not provide a recognized excuse for failure to pursue a prison grievance. A prison inmate is not permitted to ignore the grievance process even if the matter at issue involves an imminent danger of serious physical injury. *See Arbuckle v. Bouchard*, 92 Fed.App'x. 289, 291 (6th Cir. 2004); *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004); *Thomas v. McDowell*, 2013 WL 5177137at *3 (S.D.Ohio Sept. 12, 2013); *Jones v. Michigan Dep't of Corr.*, 2005 WL 3556077 at *2 (W.D.Mich. Dec.29, 2005).

Because Plaintiff has not produced competent evidence that meets his burden of rebutting the PLRA exhaustion defense raised by Defendants, his lawsuit should be dismissed because of his failure to comply with the mandatory exhaustion requirement of the PLRA. Further, because the

---

[9] The Court notes that, in his complaint, Plaintiff refers to a grievance that he filed in April 6, 2018, which he alleges went unanswered by prison officials. *See* Complaint at 18. However, Plaintiff's own allegations in the complaint are that this grievance concerned other medical issues, and it did not address the allegations against Defendant Campbell about a seven month delay in providing Plaintiff with COPD testing.

PLRA failure to exhaust defense requires the complete dismissal of Plaintiff's lawsuit, it is not necessary to address Defendants' alternative arguments for dismissal.

**RECOMMENDATION**

Based on the forgoing, the undersigned respectfully RECOMMENDS that the motion for summary judgment or, in the alternative, motion to dismiss (Docket Entry No. 57) filed by Defendants Katherine Campbell, Casey Dillon, and Austin Rich be GRANTED and that this lawsuit be DISMISSED in its entirety WITH PREJUDICE as to all claims and defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge