# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES E. BOSTIC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-cv-00562 |
| TENNESSEE DEPARTMENT OF CORRECTIONS, et al., | ) JUDGE CAMPBELL<br>) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 72), recommending that the Court grant Defendants' Motion for Summary Judgment (Doc. No. 57). Plaintiff filed objections (Doc. No. 85).

After a *de novo* review, and for the following reasons, Plaintiff's objections are **OVERRULED** and the Report and Recommendation (Doc. No. 72) is **ADOPTED**. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 57) is **GRANTED**.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Plaintiff is a former prisoner of the Tennessee Department of Corrections ("TDOC"). He filed this lawsuit *pro se* on June 18, 2018, seeking relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were being violated by prison officials. (Doc. No. 1). The Magistrate Judge found that Plaintiff voluntarily dismissed claims against three defendants – Dillon, Rich, and Nurse Darius[1] – and abandoned all other claims except the claim arising out of a delay in implementing a COPD sleep study.[2] As to the remaining claim, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) and, therefore, recommended dismissal.

Plaintiff filed objections to the Report and Recommendation, only one of which addresses the basis for the Magistrate Judge's recommendation of dismissal – failure to exhaust remedies. Plaintiff asserts here, as he did before the Magistrate Judge, that the requirement of exhaustion of remedies is excused because his claim involves the denial of medical care for a serious life-threatening condition. This objection is without merit.

Pursuant to 42 U.S.C. § 1997(e) of the PLRA, a prisoner bringing a lawsuit under 42 U.S.C. § 1983 with respect to prison conditions must exhaust all available administrative remedies before filing the lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Fraley v. Ohio Dep't of Corr.*, No. 16-4720, 2018 WL 2979902, at * 2 (6th Cir. Mar. 22, 2018) (holding that the grievance process must be completed *before* filing the lawsuit; belated exhaustion while the lawsuit is pending does not satisfy the exhaustion requirement). Failure to exhaust administrative remedies is an affirmative defense, and the defendant

---

[1] In his response to the motion for summary judgment, Plaintiff requested the claims against these Defendants be dismissed. (Doc. No. 62). Plaintiff did not object to the voluntary dismissal of Defendants Dillon, Rich, and Nurse f/n/u Darius.

[2] In response to Defendants' motion for summary judgment, Plaintiff asserted that his case is limited to a single claim based on the allegation that Defendant Campbell violated his Eighth Amendment rights by delaying the implementation of a COPD sleep study. (Doc. Nos. 62, 67). The Magistrate Judge found that Plaintiff had abandoned all other claims and all other theories of an Eighth Amendment violation. Plaintiff did not object to this finding.

must plead and prove non-exhaustion by a preponderance of the evidence. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The only claim remaining at issue is Plaintiff's claim that Defendants wrongfully delayed implementing a COPD sleep study for seven months after a doctor ordered that he be tested for this condition. Defendants submitted evidence showing that a three-level procedure exists for inmates to file grievances related to their conditions of confinement and Plaintiff did not file a grievance about the seven-month delay in testing for his COPD. (*See* Doc. No. 57-1: Bean Aff., ¶ 3; Statement of Undisputed Facts, ¶ 4; and TDOC Inmate Grievance Procedures § 501.01). Plaintiff filed a grievance against Campbell after he moved to add Campbell to this case, but that grievance was unrelated to the claim at issue in this case— the delay in implementing a COPD sleep study. Moreover, because the grievance against Campbell was filed on August 28, 2019, *after* Plaintiff moved to add Campbell to this case, it does not meet the exhaustion requirement. *See Fraley*, 2018 WL 2979902, at * 2 (grievance process must be completed *before* filing the lawsuit).

Plaintiff admits that he did not file a grievance about the alleged delay in receiving testing or treatment for his COPD. (*See* Pl. Reply., Doc. No. 65 at 2). He argues, however, that the exhaustion requirement does not apply because his health and life were in imminent danger of serious physical harm. The Sixth Circuit has rejected this argument. In *Arbuckle v. Bouchard*, the court explained: "[The plaintiff's] argument that he was not required to exhaust his administrative remedies because he faced a risk of immediate harm is without merit. The PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury." 92 F. App'x 289, 291 (6th Cir. 2004); *see also*, *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004).

The Magistrate Judge found, and this Court agrees, that Plaintiff did not exhaust this claim as required by the PLRA and his lawsuit should, therefore, be dismissed. As the failure to exhaust is the sole

grounds for dismissal of this claim, the Court need not address Plaintiff's remaining objections, which are not relevant to the ruling.

Plaintiff also raises the issues of appointment of counsel and the desire for copies of his medical records. These issues are not the subject of the Report and Recommendation but were previously addressed by the Magistrate Judge in the December 4, 2019 Order. (Doc. No. 73). The Magistrate Judge denied Plaintiff's motion for appointment of counsel (Doc. No. 64) and motions to compel discovery (Doc. Nos. 67 and 68). Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify the Magistrate Judge's ruling on a non-dispositive matter only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court has reviewed the Order and finds the rulings neither clearly erroneous nor contrary to law.

The appointment of counsel in a civil case is not a constitutional right and there is not duty to appoint counsel to represent an indigent plaintiff in a civil action. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be "exceptional circumstances" justifying such an appointment. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). The Magistrate Judge found there were not exceptional circumstances justifying appointment of counsel in this case. Although the Plaintiff claims he is having difficulty focusing and needs help finding the law that shows he is not required to exhaust administrative remedies, this alone is insufficient cause to appoint counsel. Accordingly, the Court agrees with the decision of the Magistrate Judge that this case does not present exceptional circumstances justifying the appointment of counsel. The Court also finds that, in light of the disposition of this case, the Magistrate Judge properly denied Plaintiff's motion to compel discovery.

### III. CONCLUSION

The Court has reviewed the Report and Recommendation (Doc. No. 72) and Plaintiff's objections. For the reasons stated, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** and **APPROVED**. Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 57) is **GRANTED**. In light of this ruling, Plaintiff's Motion for ADR (Doc. No. 80) is **DENIED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE